**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC RIVERA** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **PA ATTORNEY GENERAL, ET AL.** | : | **NO.  07-5011** |

**O R D E R**

    **AND NOW**, this 9th day of April, 2008, upon consideration of Isaac Rivera's petition for

habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 3), the Respondents' Answer thereto

(Docket No. 9), the Report and Recommendation filed by the Honorable Sandra Moore Wells,

U.S. Magistrate Judge (Docket No. 11), Petitioner's Objections to the Report and

Recommendation (Docket No. 13), and Petitioner's state court record, **IT IS ORDERED** that:

    1.        The Report and Recommendation (Docket No. 11) is **APPROVED** and

            **ADOPTED**.

    2.        Mr. Rivera's Objections (Docket No. 13) are **OVERRULED**.[1]

---

[1] Magistrate Judge Moore Wells recommended that the Court dismiss Mr. Rivera's habeas Petition because it was not filed within the one-year period of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1).  Magistrate Judge Moore Wells acknowledged that under exceptional circumstances, the Court may equitably toll AEDPA's statute of limitations, and consider a habeas petition on the merits, but found that Mr. Rivera had not met the requirements for equitable tolling.  Accordingly, Magistrate Judge Moore Wells recommended that equitable tolling should not apply and Mr. Rivera's untimely habeas Petition should be dismissed as time-barred.
    Mr. Rivera timely filed Objections to the Magistrate Judge's Report and Recommendation.  Thus, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).  In his Objections, Mr. Rivera admitted that his § 2254 habeas Petition was untimely, but argued that equitable tolling should apply, and that the Court should consider his Petition on the merits.  In support of his position, Mr. Rivera raises the same arguments that he advanced in his Petition, namely, that his conviction resulted from unreliable eyewitness testimony and ineffective assistance of counsel.  In addition, Mr. Rivera argues that equitable tolling should apply because he "did present his claims as fast as he could considering

3.    Mr. Rivera's Petition (Docket No. 3) is **DISMISSED**.

4.    There is no probable cause to issue a certificate of appealability.[2]

5.    The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

the contents of the petition and the rules involved which the pro se petitioner was not familiar with."  (Objections at 2.)

A petitioner must satisfy two requirements in order to merit equitable tolling: "'(1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"  Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).  While the Court acknowledges that the technical provisions of the applicable law can and do present often daunting difficulties to lay persons such as Mr. Rivera, unfamiliarity with the federal habeas corpus statute and attendant rules, and the other reasons Mr. Rivera advances, do not constitute "extraordinary circumstances" that warrant invocation of equitable tolling.  Because Mr. Rivera has not substantiated why the "rigid application" of AEDPA's period of limitations would be unfair in this case, his Objections are overruled, Magistrate Judge Moore Wells' Report and Recommendation is approved and adopted, and Mr. Rivera's Petition is dismissed.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004).  There is no probable cause to issue a certificate of appealability in this action.

2